UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AWET GEBRESELASSIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-01265** |
| **ELIZABETH N. KIRK, et al.** | **SECTION: "C" (5)** |

**ORDER and REASONS**[1]

On May 27, 2011, the Court ordered that the parties file memoranda addressing whether the minimum jurisdictional amount in controversy was satisfied at the time of removal. Having reviewed the record, the memoranda of the parties, and the law, the Court has determined that the amount in controversy does not exceed the jurisdictional minimum, and this matter is hereby REMANDED to state court for the following reasons.

**BACKGROUND**

Plaintiff Awet Gebreselassie ("Plaintiff") originally filed suit with the Civil District Court for the Parish of Orleans for damages caused by an automobile accident. (Rec. Doc. 1-1). Defendants removed the matter on the basis of diversity jurisdiction. (Rec. Doc. 1 at 2). This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal. (Rec. Doc. 4). Plaintiff points to her admission that the amount in controversy does not exceed $75,000 and argues that Defendants have failed to demonstrate otherwise. (Rec. Doc. 8 at 4). In response, Defendants argue that remand is not appropriate because Plaintiff has not signed a binding waiver of the right to recover more than $75,000. (Rec. Doc. 9

---

[1] Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

at 2).

## LAW and ANALYSIS

Louisiana law does not permit plaintiffs to plead a specific amount of money damages. *See* La. Code Civ. P. § 893. Because the original complaint was filed in Louisiana state court, no specific amount of damages was pled, and as a result, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum, or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559, 566 (5th Cir. 1993). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Id*.

In this case, the Court finds that Defendants have not met their burden of showing that the amount in controversy exceeds $75,000. The record indicates that Plaintiff has received medical attention for "headaches, cervical, trapezius and lumbar injuries, and edema." (Rec. Doc. 9-2 at 1). In Louisiana, injuries of this nature generally allow for damages of up to $40,000. *See Trembley v. Allstate Ins. Co.*, 955 So.2d 700, 704-705 (La. App. 4 Cir. 2007) (affirming an award of general damages of $40,000 for plaintiff's cervical and thoracic injuries). Additionally, there is no indication that Plaintiff has suffered any herniated discs or will require surgery of any kind.

Defendants argue that remand is inappropriate because Plaintiff has refused to sign a waiver of the right to collect more than $75,000. (Rec. Doc. 9 at 2). Removal can be prevented by the filing of a binding stipulation involving the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47

F.3d 1404, 1412 (5th Cir. 1995). However, there is no rule requiring that such a stipulation be signed. Thus, because Defendants have not met their burden of showing that the jurisdictional amount in controversy exceeds $75,000, this Court finds that remand is appropriate.

## CONCLUSION

Accordingly,

The Court determines that the minimum amount in controversy has not been satisfied and REMANDS the matter to state court.

New Orleans, Louisiana, this 19th day of July, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**